IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| NORMAN CRITTENDEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-184-MJT-CLS |
| | § | |
| JUANITA A. TURNER-HESTER, | § | |
| | § | |
| *Defendant*. | § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S AMENDED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (doc. #30)

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72.

On March 22, 2024, Defendant filed her Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. #30). This Amended Motion was filed to correct the civil action number listed on the original motion filed on March 12, 2024, (doc. #29), and is in all respects identical to the original motion now rendered moot. (Doc. #32.) No response to the Amended Motion has been filed and the time to do so has passed. The matter is now ripe for review.

I. **Background and Plaintiff's Claims**

On May 10, 2023, Plaintiffs, proceeding *pro se* and *in forma pauperis*, filed this suit alleging Defendant, as administrator over the estate of Marc Turner, who Plaintiff alleges is his father, failed to pay him an $80,000 inheritance from the estate. Plaintiff alleges the basis of jurisdiction to be diversity as he is a Texas resident, and the Defendant resides in Georgia. The

court ordered service of process. (Docs. #8, #12.) Defendant filed her answer on August 29, 2023. (Doc. #15.) The undersigned held a Rule 16 management conference on October 30, 2023, and entered a scheduling order thereafter. (Doc. #24.)

## II. Legal Standard

Federal courts are "courts of limited subject matter jurisdiction." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). Moreover, federal courts must presume that a suit lies outside their limited jurisdiction and the party asserting federal jurisdiction bears the burden of establishing jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). Here, it is Plaintiff's burden.

Defendant asserts that while the court may have diversity jurisdiction over the parties, the Plaintiff's claims are barred by the probate exception to federal jurisdiction. The probate exception prohibits a federal court from probating a will or administering an estate. *Marshall v. Marshall*, 547 U.S. 293, 309 (2006); *Markham v. Allen*, 326 U.S. 490, 494 (1946). A federal court does have jurisdiction to hear suits in favor of creditors, legatees, heirs and other claimants against the decedent's estate so long as the court does not interfere with the probate proceedings or assume control of property in custody of the state court. *Markham*, 326 U.S. at 494. To determine if a federal court action would interfere with a state probate proceeding, the court must consider whether the plaintiff's claim "implicate the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Blakeney v. Blakeney*, 664 F.2d. 433, 434 (5th Cir. 1981). The party asserting federal jurisdiction bears the burden of establishing that the probate exception does not bar federal jurisdiction. *Estate of Brown v. Siper*, 650 F. Supp. 3d 515, 518 (S.D. Miss. 2023).

### III. Discussion

Here, Plaintiff has not filed a response to Defendant's amended motion to dismiss and while, as a *pro se* litigant, Plaintiff is entitled to liberal construction of his pleadings and filings, "[j]udges are not like pigs, hunting for truffles buried in the record." *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (quotation and citation omitted). More importantly, on the issue of jurisdiction, the court cannot be left to guess as to whether it has subject matter jurisdiction. *Guerrero v. United States*, No. 5:17-cv-345-DAE, 2017 WL 7921198, at *2 (W.D. Tex. Nov. 28, 2017).

Based on the allegations in the complaint, the undersigned cannot determine whether this action would interfere with a state court probate proceeding. On one hand, Plaintiff alleges that he had an agreement with Defendant for her to pay him $80,000 from money she received: "Defendant… agreed to pay $80,000 to the Plaintiff after the sales of the estate but failed to do so." (Doc. #1 at 5.) If that is the genesis of Plaintiff's complaint, then the claims would fall outside the probate exception as it is merely a personal claim against the Plaintiff. *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (where plaintiff's claims were not against the estate but against the administrator personally, and plaintiff did not seek to reopen the probate, said claims did not implicate the validity of probate proceedings; the probate bar did not apply).

On the other hand, in the same complaint, Plaintiff clearly states he seeks to "inherit $80,000 of his father's estate." (Doc. #1 at 5.) This allegation suggests Plaintiff is challenging the probate proceeding and seeks distribution of funds from the estate. This would interfere with state court probate proceedings and this court does not have jurisdiction to entertain those claims.

It is Plaintiff's burden to establish subject matter jurisdiction and he has not done so as he has failed to respond to Defendant's amended motion to dismiss. Moreover, by failing to respond

3

to Defendant's motion, Plaintiff has abandoned his claims. "A party's failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues at the district court level." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (affirming that a plaintiff's failure to "defend" her claims against arguments raised in "the defendant's motion to dismiss ... constituted abandonment" of those claims). Further, a party's failure to oppose a motion in the manner prescribed by rule creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion. *See* E.D. TEX. LOC. R. CV-7(d); *Bearden v. U.S. Dep't of Agri.*, 3:23-cv-01204-E, 2023 WL 6462861, at *2 (N.D. Tex. Oct. 2, 2023) ("Because Beardon wholly failed to respond to USDA's challenge to subject-matter jurisdiction on all her claims, the court concludes Bearden has abandoned all her claims."); (*Frase v. McCormick*, No. 5:19-CV-139, 2020 WL 5665097, at *1 (E.D. Tex. Aug. 17, 2020) ("Plaintiff did not file a response to the motion to dismiss and has thus abandoned his claims.").

By failing to respond to Defendant's Amended Motion to Dismiss, Plaintiff has not met his burden to establish subject-matter jurisdiction and has wholly abandoned his claims.

### IV. Conclusion and Recommendation

Plaintiff has failed to establish subject matter jurisdiction for his claim and, by failing to respond to Defendant's amended motion to dismiss, has abandoned his claims. Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction should be **GRANTED,** and this action should be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

### V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding

or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days)

**SIGNED this the 19th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE