IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| NORMAN CRITTENDEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-184-MJT-CLS |
| | § | |
| JUANITA A. TURNER-HESTER, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER OVERRULING**
**PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 33]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

Pending before the Court is Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 30]. On April 19, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 33] with the following conclusions and recommendations: (1) Plaintiff wholly abandoned his claims by not responding to the instant motion, (2) he, alternatively, did not bear his burden establishing the Court's subject matter jurisdiction over this action, and (3) his claims, therefore, should be dismissed. At the end of the fourteen-day objection window provided by the Local Rules, Plaintiff filed a Motion for Extension of Time [Dkt. 35] requesting an additional forty-five days to object to the Report and Recommendation. Judge Stetson granted the motion and gave Plaintiff until June 5, 2024, to file objections [Dkt. 36]. On the final day of that

extended period, Plaintiff filed objections [Dkt. 40] and a long overdue response [Dkt. 39] to

another pending motion [Dkt. 31] in this case.  Notably, Plaintiff has still not formally responded

to the instant motion, nor has he explained the reason for his delays and requested appropriate

leave of Court.

### I.    Plaintiff's Objections to the Report and Recommendation are Overruled

#### A.  Legal Standard

A party who timely files specific, written objections to a magistrate judge's Report and

Recommendation is entitled to a *de novo* determination of those findings or recommendations to

which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To

be specific, an objection must identify the specific finding or recommendation to which objection

is made, state the basis for the objection, and specify the place in the magistrate judge's report and

recommendation where the disputed determination is found.  An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific.  Frivolous,

conclusive or general objections need not be considered by the district court."  *Nettles v.

Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by

Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

#### B.  Discussion

Judge Stetson found [Dkt. 33] that Plaintiff's failure to respond to the instant motion

constituted abandonment of his claims and that the complaint did not properly establish this

Court's subject matter jurisdiction over this action.  Specifically, Judge Stetson properly found the

complaint was unclear as to whether this suit would interfere with a state court probate proceeding

and thus fall outside of federal subject matter jurisdiction.  Plaintiff's sole objection is that he

views this action as a diversity suit over a breach of contract that has "no relation to the parties'

parent estate, except the fact that the payment to the plaintiff would come from the estate." [Dkt. 40 at 2.]

Even with a generous forty-five-day extension beyond the normal objections deadline, Plaintiff failed to object to Judge Stetson's finding that he abandoned his claims. To be entitled to a *de novo* review of a magistrate Judge's Report and Recommendation, a party is required to specifically object to each portion of a magistrate judge's Report and Recommendation that he takes issue with. 28 U.S.C. § 636(b)(1)(C). In the absence of a specific objection on whether a failure to respond constitutes abandonment, a party is only entitled to review on plain error grounds. *Hernandez v. Nationwide Gen. Ins. Co.*, No. DR-20-CV-56-AM/CW, 2021 WL 8055650 (W.D. Tex. Sept. 29, 2021) (finding that a party objecting to a Report and Recommendation was entitled to plain error review and not a *de novo* review on whether his failure to respond to a motion rendered the motion unopposed by failing to specifically object to that finding); *see SciCo Tec GmbH v. Bos. Sci. Corp.*, 599 F. Supp. 2d 741, 742 (E.D. Tex. 2009)( noting the "failure to object to a report and recommendation bars attack on appeal of findings of fact and conclusions of law except on very limited plain error grounds.").

While the Court should liberally construe a *pro se* plaintiff's pleading, that "is the only special treatment afforded *pro se* plaintiffs by the courts." *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006). It is well established that a plaintiff abandons his claims when he fails to address the claims or oppose a motion challenging those claims. *Moore v. Union County*, No. 3:21-CV-158-DMB-JMV, 2022 WL 2761135, at *3 (N.D. Miss. July 14, 2022) (quoting *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022)). "This rule applies equally to *pro se* plaintiffs." *Moore*, 2022 WL 2761135, at *3 (citing *Bedford v. Tex. Dep't of Trans.*, 810 F. App'x 264, 268 (5th Cir. 2020)); *see, e.g.*, *Henderson v.*

*Jasper City Police Dep't*, No. 1:23-CV-136-MJT-CLS, 2024 WL 1565328 (E.D. Tex. Mar. 15, 2024), *R&R adopted*, No. 1:23-CV-136-MJT-CLS, 2024 WL 1559285 (E.D. Tex. Apr. 10, 2024).

Here, Plaintiff never responded to the instant motion, he did not provide an explanation as to why he did not respond, and he did not request leave to file a late response.  The Court finds that Judge Stetson did not plainly err by finding Plaintiff abandoned his claims.  As he failed to address the abandonment analysis in Judge Stetson's Report and Recommendation, Plaintiff's objection to another legal issue is overruled as moot and it is appropriate to grant the instant motion and dismiss Plaintiff's claims.  *Hernandez*, 2021 WL 8055650, at *2 (finding it proper to grant a motion to deny recovery where a party failed to respond to that motion and did not explain why his failure to respond constituted excusable neglect in his objections on other topics).  This dismissal is without prejudice.

## II.    Conclusion and Order

The Court has conducted a review of Plaintiff's objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  The Report and Recommendation of the United States Magistrate Judge [Dkt. 33] is ADOPTED.  In failing to respond, or offer any explanation for his failure to respond, Plaintiff has abandoned his claims.  Plaintiff's objections [Dkt. 40] are OVERRULED as moot.

Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 30]

4

is GRANTED.  Plaintiff's claims against Defendant are DIMISSED without prejudice, and a final

judgment of dismissal will be entered.

IT IS SO ORDERED.

**SIGNED this 10th day of June, 2024.**


_____
Michael J. Truncale
United States District Judge